**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| ROBERT LESLIE HINDS, | ) | |
| | ) | |
| Petitioner, | ) | CIV 09-01340 PHX FJM (MEA) |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| CHARLES RYAN, ARIZONA ATTORNEY | ) | |
| GENERAL, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**TO THE HONORABLE FREDERICK J. MARTONE:**

Petitioner filed this action on June 22, 2009. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") on October 23, 2009. See Docket No. 18. Petitioner filed a reply to the answer on or about November 20, 2009. See Docket No. 20.

**I Background**

On January 20, 2006, Petitioner and two co-defendants were indicted on one count of possession of marijuana for sale, one count of sale or transportation of marijuana, and possession of drug paraphernalia. See Answer, Exh. B. Petitioner was tried before a jury along with his two co-defendants. See id., Exh. A. Petitioner and his co-defendants were convicted of all counts set forth in the indictment. Id., Exh. A.

Petitioner was sentenced to mitigated concurrent terms of four years imprisonment pursuant to his conviction for possession of marijuana for sale and sale or transportation of marijuana. Id., Exh. C. Petitioner was sentenced to a consecutive term of three years probation pursuant to his conviction for possession of drug paraphernalia. Id., Exh. C.

Petitioner filed a timely direct appeal of his convictions and sentences. In his direct appeal Petitioner asserted the trial court abused its discretion by denying a pretrial motion to suppress evidence, arguing there was a lack of reasonable suspicion and that Petitioner had been unlawfully detained. Id., Exh. D. Petitioner also argued his rights to due process and confrontation were violated because the trial court did not sever his trial from that of his co-defendants. Id., Exh. D. Additionally, in his direct appeal Petitioner argued the trial court abused its discretion by denying his motion for a mistrial based upon prosecutorial misconduct. See id., Exh. D.[1]

The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a memorandum decision issued October 7, 2008. See id., Exh. E. Petitioner sought review of this decision by the Arizona Supreme Court, which summarily

---

[1] The factual basis asserted for the claim of prosecutorial misconduct was the prosecutor's question to a detective, i.e., whether the defense was allowed to ask a case agent to analyze the evidence sitting on the table in the courtroom during the trial. Petitioner's counsel argued in his direct appeal that the trial court's denial of a mistrial after this question was asked improperly shifted the burden of proving innocence to Petitioner. Answer, Exh. D.

-2-

denied review on May 7, 2009.  Id., Exh. G.

Petitioner did not file any action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.

In his federal habeas petition, Petitioner asserts he is entitled to relief because:

1. The Arizona Court of Appeals refused to address his Fourth Amendment claim of illegal search and seizure.

2. The police violated Petitioner's Fourth Amendment right to be free from an unlawful stop and unlawful seizure.

3. The trial court violated Petitioner's Sixth Amendment right to a fair trial by failing to sever the trial of Petitioner from his co-defendants.

4. His Sixth Amendment rights to a fair trial were violated because of prosecutorial misconduct.

Respondents contend Petitioner's first, second, and fourth claims for relief are procedurally defaulted. Respondents also assert Petitioner's third claim for relief should be denied on the merits.

**II Analysis**

**A. Exhaustion and procedural default**

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991).  To properly exhaust a federal habeas claim, the petitioner must afford the state the

opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner.  <u>See</u>, <u>e.g.</u>, <u>Castille v. Peoples</u>, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); <u>Rose v.Palmateer</u>, 395 F.3d 1108, 1110 (9th Cir. 2005).[2]

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief.  <u>See</u> <u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999).  <u>See also</u> <u>Crowell v. Knowles</u>, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007) (providing a thorough discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a habeas claim in the context of a conviction resulting in a non-capital sentence).

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary."  <u>Wilson v. Briley</u>, 243 F.3d 325, 327 (7th Cir. 2001).  <u>See</u> <u>also</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003).  In order to fulfill exhaustion requirements,

_____

[2] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief.  However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2) (1994 & Supp. 2009).

-4-

a petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 278, 92 S. Ct. 509, 513-14 (1971); <u>Libberton v. Ryan</u>, 583 F.3d 1147, 1164 (9th Cir. 2009).

In <u>Baldwin v. Reese</u>, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. <u>See</u> 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific <u>federal</u> constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. <u>See</u>, <u>e.g.</u>, <u>id.</u>, 541 U.S. at 33, 124 S. Ct. at 1351.

Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. <u>See</u> <u>Scott v. Schriro</u>, 567 F.3d 573, 582 (9th Cir.), <u>cert.</u> <u>denied</u>, 78 U.S.L.W. 3360 (Dec. 14, 2009); <u>Lopez v. Schriro</u>, 491 F.3d 1029, 1040 (9th Cir. 2007). Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, <u>Picard</u>, 404 U.S. at 277-78, 92 S. Ct. at 512-13, they must do more than present the facts necessary to support the federal claim. <u>See</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2009). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may

not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" <u>Ellis v. Armenakis</u>, 222 F.3d 627, 632 (9th Cir. 2000), <u>quoting</u> <u>Wells v. Maass</u>, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. <u>See</u> <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 665 (9th Cir. 2005); <u>Beaty v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2002). <u>See also</u> <u>Stewart v. Smith</u>, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); <u>Ortiz v. Stewart</u>, 149 F.3d 923, 931-32 (9th Cir. 1998).

## B. Cause and prejudice

"Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. <u>See</u> <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. <u>See</u> <u>Vickers v. Stewart</u>, 144 F.3d 613, 617

-7-

(9th Cir. 1998); <u>Martinez-Villareal v. Lewis</u>, 80 F.3d 1301, 1305 (9th Cir. 1996).  To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations.  <u>See</u> <u>Vickers</u>, 144 F.3d at 617; <u>Correll</u>, 137 F.3d at 1415-16.  Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes.  <u>See</u> <u>Manning v. Foster</u>, 224 F.3d 1129, 1135-36 (9th Cir. 2000); <u>Ivy v. Caspari</u>, 173 F.3d 1136, 1141 (8th Cir. 1999).  Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause.  <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); <u>Thomas</u>, 945 F.2d at 1123 n.10.

### C. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice.  <u>See</u> <u>Dretke v. Haley</u>, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); <u>Schlup v. Delo</u>, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); <u>Murray v. Carrier</u>, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986).  A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent.  <u>See</u> <u>Murray</u>, 477 U.S. at 485-86, 106 S. Ct. at 2649;

-8-

1  Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing
2  of factual innocence is necessary to trigger manifest injustice
3  relief).  To satisfy the "fundamental miscarriage of justice"
4  standard, a petitioner must establish by clear and convincing
5  evidence that no reasonable fact-finder could have found him
6  guilty of the offenses charged.  See Dretke, 541 U.S. at 393,
7  124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43
8  (9th Cir. 2001).

9              **D. Petitioner's claims for relief**

10             **1. Petitioner contends he is entitled to habeas relief**
11  **because the Arizona Court of Appeals refused to address his**
12  **Fourth Amendment claim of illegal search and seizure.**

13                     A federal court may not grant habeas relief
                   to a state prisoner unless the prisoner has
14                 first exhausted his state court remedies. See
                   28 U.S.C. § 2254(b)(1). A petitioner
15                 satisfies the exhaustion requirement by fully
                   and fairly presenting each claim to the
16                 highest state court.  A petitioner fully and
                   fairly presents a claim to the state courts
17                 if he presents the claim (1) to the correct
                   forum, see § 2254(c); (2) through the proper
18                 vehicle, ; and (3) by providing the factual
                   and legal basis for the claim. Full and fair
19                 presentation    additionally    requires    a
                   petitioner to present the substance of his
20                 claim  to  the  state  courts,  including  a
                   reference  to  a  federal  constitutional
21                 guarantee  and  a  statement  of  facts  that
                   entitle the petitioner to relief.
22

23  Scott, 567 F.3d at 582 (internal citations omitted).

24             In Petitioner's direct appeal, the Arizona Court of
25  Appeals did not examine his claim that the stop of his vehicle
26  and his arrest was a violation of his Fourth Amendment rights.
27  The Court of Appeals noted Petitioner had not raised the issue,
28                                   -9-

arguing instead in his direct appeal that the trial court abused its discretion by denying a pre-trial motion to suppress evidence. The state Court of Appeals did not consider the claim now asserted as a basis for habeas relief because Petitioner failed to properly raise the issue in his direct appeal. Accordingly, the merits of the claim were not addressed because of Petitioner's failure to follow state procedural rules of appeal. Petitioner, therefore, procedurally defaulted this federal habeas claim in the state courts and the District Court may not grant relief on the merits of the claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. See Cook v. Schriro, 538 F.3d 1000, 1025-26 (9th Cir. 2008).

To constitute an adequate and independent state procedural ground sufficient to support a state court's finding of procedural default, "a state rule must be clear, consistently applied, and well-established at the time of [the] petitioner's purported default." Lambright v. Stewart, 241 F.3d 1201, 1203 (9th Cir. 2001). A state rule is considered consistently applied and well-established if the state courts follow it in the "vast majority of cases." Scott, 567 F.3d at 580, quoting Dugger v. Adams, 489 U.S. 401, 417 n.6, 109 S. Ct. 1211, 1221 n.6 (1989). The Ninth Circuit Court of Appeals has held that "federal courts should not insist upon a petitioner, as a procedural prerequisite to obtaining federal relief, comply[] with a rule the state itself does not consistently enforce." Id., 567 F.3d at 581-82, quoting Siripongs v. Calderon, 35 F.3d 1308, 1318 (9th Cir. 1994). It is Respondents' burden to prove

-10-

the rule cited and relied upon by the state court in denying relief was clear, consistently applied, and well-established at the time the rule was applied to Petitioner's case. Id.

Additionally, for the proffered state procedural bar to preclude the consideration of a habeas claim "the state court must actually have relied on the procedural bar as an *independent basis* for its disposition of the case." <u>Caldwell v. Mississippi</u>, 472 U.S. 320, 327, 105 S. Ct. 2633, 2638-39 (1985) (emphasis added). <u>See also Harris v. Reed</u>, 489 U.S. 255, 261-62, 109 S. Ct. 1038, 1042 (1989).

> "[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar." <u>Harris</u>, 489 U.S. at 263, 109 S. Ct. 1038 []. ... <u>Sanders v. Cotton</u>, 398 F.3d 572, 580 (7th Cir. 2005) (where the state appellate court's discussion of waiver is intertwined with its merits analysis, the state court's decision does not rest on an independent and adequate state law ground)....

<u>Pole v. Randolph</u>, 570 F.3d 922, 937 (7th Cir. 2009) (some internal citations and quotations omitted). <u>See also Scott</u>, 567 F.3d at 581-82.

In Petitioner's direct appeal the Arizona Court of Appeals stated: "On appeal, defendant challenges only the admissibility of evidence flowing from the traffic stop; he does not argue that Defendant's Fourth Amendment rights were violated by the search and seizure of the boxes. Therefore, we do not address this issue." The state appellate court then reviewed the trial court's decision denying Petitioner and a co-

defendant's pretrial motion to suppress evidence seized thereafter and found no error in the trial court's decision. Answer, Exh. A.

There is no evidence before this Court that the state rule followed by the Court of Appeals was not clear, consistently applied, and well-established at the time the rule was applied to Petitioner's case. Accordingly, there is an adequate and independent state law basis for the state court's decision declining to consider the merits of this claim. Because, as explained infra, Petitioner has not established cause and prejudice for his procedural default, the District Court may not grant relief on the merits of the claim.

**2. Petitioner asserts his convictions and sentences must be reversed because the police violated Petitioner's Fourth Amendment right to be free from an unlawful stop and an unlawful arrest.**

Petitioner is precluded from federal habeas relief on the basis of any alleged violation of the Fourth Amendment. Petitioner's Fourth Amendment claim is not cognizable in an action for federal habeas relief because he had the opportunity to litigate this claim in the state courts. See <u>Stone v. Powell</u>, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976).

A claim that the petitioner's Fourth Amendment rights were violated does not provide a basis for granting federal habeas relief from a state conviction if the petitioner had the opportunity "for full and fair litigation" of the claim in the state courts. See, <u>e.g.</u>, <u>Woolery v. Arave</u>, 8 F.3d 1325, 1326-27

(9th Cir. 1993); <u>Patterson v. Runnels</u>, 288 F. Supp. 2d 1092, 1097-98 (C.D. Cal. 2003).  The relevant inquiry is whether the petitioner was afforded a full and fair hearing of his claim in the state court, not whether the state court reached a correct decision regarding the legitimacy of the "search."  <u>See</u> <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 899 (9th Cir. 1996); <u>Siripongs v. Calderon</u>, 35 F.3d 1308, 1321 (9th Cir. 1994).

Petitioner had a full and fair opportunity to litigate this claim in the state courts.  Petitioner joined a co-defendant's pretrial motion to suppress evidence arising from their seizure from a vehicle and the search of the boxes containing marijuana Petitioner tried to ship via DHL.  The motion to suppress was denied.

Additionally, in his direct appeal, Petitioner asserted that the trial court erred by denying the motion to suppress, arguing in his direct appeal that his Fourth Amendment rights were violated by the traffic stop and his seizure.  The Court of Appeals denied this claim in Petitioner's direct appeal. Petitioner could have asserted in his direct appeal that the search of the boxes violated his Fourth Amendment rights, but did not raise this claim in his direct appeal.  Furthermore, Petitioner could have filed a state action for post-conviction relief, asserting that his appellate counsel was ineffective for failing to raise a Fourth Amendment claim regarding the search of the boxes.

Petitioner had a full and fair opportunity to raise his Fourth Amendment claims in the Arizona state courts.  Therefore,

-13-

the District Court may not grant habeas relief on the merits of this claim.

**3. Petitioner maintains he was denied his Sixth Amendment right to a fair trial was violated because the trial court denied his motion to sever the trial of Petitioner and his co-defendants.**

Prior to trial Petitioner's counsel filed a motion to sever Petitioner's trial from that of his co-defendants. Counsel argued the defendants intended to present inconsistent defenses, i.e., to argue that the others were guilty. Petitioner contends denial of the motions to sever was error because "it was never proven that all three men knew equally" that marijuana was being shipped. Petitioner contends that, because he was the only defendant to testify at their trial, his co-defendants' counsel were allowed to cross-examine him and to argue that Petitioner "was the person responsible for the entire operation to ship drugs."

Petitioner raised this claim in his direct appeal and, accordingly, the claim was properly exhausted. The Court of Appeals determined that the defenses of the co-defendants were not mutually exclusive and that a joint trial did not prejudice Petitioner. The Court of Appeals also found the "jury in this case could have believed that none of the defendants knew what was in the packages, all of them knew, or any combination thereof." <u>See</u> Answer, Exh. A at 13. The appellate court pointed out that, "to justify severance, antagonistic defenses must be mutually exclusive; that is 'in order to believe the

-14-

core of the evidence offered on behalf of one defendant, [the jury] must disbelieve the core of the evidence offered on behalf of the co-defendant'". Id., Exh. A at 14, citing Arizona v. Cruz, 137 Ariz. 541, 545, 672 P.2d 470, 474 (1983).

The Arizona Court of Appeals further determined there was no "rub-off" effect on Petitioner, caused by evidence implicating his co-defendants. The appellate court reasoned that "the jury could clearly differentiate between the complained-of evidence implicating Garrison and Gomez and the evidence that implicated [Petitioner], namely, the marijuana, paraphernalia, and money discovered in [Petitioner]'s apartment." Id., Exh. A at 16. The state appellate court noted the evidence introduced at trial that

> in [Petitioner]'s wallet was discovered information on how to open a DHL account, including references to "Ricardo Burke" and the non-existent business "Teflon Close Line" that was listed as the shipper on the boxes, [and also that the] police found a letter from DHL to Ricardo Burke in [Petitioner]'s apartment bearing the apartment's address. Finally, [Petitioner] was observed carrying out of stores items typically used for packing and shipping illegal drugs.

Id., Exh. A at 16.

The state court of appeals also determined any prejudice suffered by Petitioner as a result of the denial of the motion to sever was minimized by the trial court twice instructing the jury that "[e]ach defendant is entitled to have the jury determine the verdict as to each of the crimes charged based upon the defendant's own conduct and from the evidence that applies to that defendant as if the defendant were being

tried alone." Id., Exh. A at 16-17.

The joint trial of defendants indicted together does not violate the United States Constitution unless "mutually antagonistic" or "irreconcilable" defenses are so prejudicial to a defendant as to mandate severance. See Zafiro v. United States, 506 U.S. 534, 538, 113 S. Ct. 933, 937 (1993). The Supreme Court has noted that "[m]utually antagonistic defenses are not prejudicial per se." Id., 506 U.S. at 538, 113 S. Ct. at 937. Severance is mandated only if there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id., 506 U.S. at 539, 113 S. Ct. at 938.

To warrant habeas relief based on a claim the trial court erred in refusing to sever a petitioner's trial, the petitioner must establish that the state court's "denial of his severance motion rendered his trial fundamentally unfair." Grisby v. Blodgett, 130 F.3d 365, 370 (9th Cir. 1997). A trial is rendered fundamentally unfair "if the impermissible joinder had a substantial and injurious effect or influence in determining the jury's verdict." Sandoval v. Calderon, 241 F.3d 765, 772 (9th Cir. 2000). Specifically, a petitioner must show that prejudice arising from the failure to grant severance was so "clear, manifest, and undue" that he was denied a fair trial. Lambright v. Stewart, 191 F.3d 1181, 1185 (9th Cir. 1999). Additionally, it "is well settled that defendants are not entitled to severance merely because they may have a better

-16-

chance of acquittal in separate trials." <u>Zafiro</u>, 506 U.S. at 540, 113 S. Ct. at 938-39.

Petitioner has failed to establish prejudice arising from the denial of the motion to sever and has not met his burden of demonstrating that the trial court's denial of the motion to sever rendered his trial fundamentally unfair.

At trial, overwhelming evidence was presented implicating Petitioner in the charged offenses. The jury was informed that marijuana and drug paraphernalia, along with approximately $7,000, was found in Petitioner's apartment. Evidence was introduced that, "in [Petitioner]'s wallet was discovered information on how to open a DHL account, including references to 'Ricardo Burke' and the non-existent business 'Teflon Close Line' that was listed as the shipper on the boxes" of marijuana seized from the DHL office.

Petitioner's convictions were not based on the conflicts between his defense and those of his co-defendants. There is no evidence that not severing the trial was fundamentally unfair, i.e., that it had a substantial and injurious effect or influence in determining the jury's verdict. Petitioner has not established that any prejudice arising from the failure to grant severance was so "clear, manifest, and undue" that he was denied a fair trial.

The Arizona Court of Appeals' determination that Petitioner's federal constitutional rights were not violated by denial of the motion to sever was neither contrary to, or an unreasonable application of, clearly established federal law and

was not based on an unreasonable determination of the facts in light of the evidence presented at trial. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

**4. Petitioner contends he is entitled to habeas relief because his Sixth Amendment rights to a fair trial were violated by prosecutorial misconduct.**

Petitioner asserts he was subjected to prosecutorial misconduct, citing seven separate alleged incidents of misconduct. However, in his habeas petition Petitioner does not ever assert the factual basis for a claim of prosecutorial misconduct which was alleged in his direct appeal. Accordingly, Petitioner procedurally defaulted the prosecutorial misconduct claim presented in his habeas petition and, absent a showing of cause and prejudice, the District Court should not consider the merits of the claim.

In his traverse to the answer to his petition with regard to his procedural default of his first claim for habeas relief, i.e., that his Fourth Amendment rights were violated, Petitioner asserts that the seizure of the boxes from the DHL facility and his being seized and taken into custody and held for one hour prior to being arrested violated his Fourth Amendment rights and that he raised this claim in his direct appeal. Petitioner contends that presenting his claim, rather than arguing his claim, is sufficient to satisfy exhaustion requirements.

Petitioner further asserts that he was denied his right to present his Fourth Amendment claims to the Arizona Court of Appeals. Petitioner alleges his rights were violated because the boxes were removed from the DHL facility prior to being examined by a drug-sniffing dog, when the dog could have been transported to the DHL facility. Petitioner argues, at length, that the search and seizure and search warrant involved in his arrest were improper and in violation of federal law.

With regard to cause and prejudice from his procedural default of his prosecutorial misconduct claims, Petitioner contends the default was the result of ineffective assistance of his appellate counsel, in addition to appellate counsel's inadvertence and ignorance. Petitioner contends appellate counsel's ineffectiveness may be imputed to the state because counsel was appointed.

Petitioner has not established cause for his procedural default of most of his federal habeas claims, including his prosecutorial misconduct claim, in the state courts. Under the "cause and prejudice" test, Petitioner bears the burden of establishing that some objective factor external to the <u>defense</u> impeded his compliance with Arizona's procedural rules. <u>See</u> <u>Moorman v. Schriro</u>, 426 F.3d 1044, 1058 (9th Cir. 2005). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>United States v. Frady</u>, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). <u>See also</u> <u>Correll v. Stewart</u>, 137 F.3d

1404, 1415-16 (9th Cir. 1998).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567 ("We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation"); Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004) ("[a]ttorney error does not constitute cause to excuse a procedural default unless counsel's performance was constitutionally deficient."). Petitioner's assertion that, because his appellate counsel was incompetent and appointed by the state, ergo, counsel's failure may be imputed to the state to establish cause, has been regularly rejected by the federal courts. Cf. Cook, 538 F.3d at 1027 ("Examples of sufficient causes include a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable.").

Similarly, Petitioner has not established that a fundamental miscarriage of justice will occur if the Court does not consider the merits of his defaulted claims. To qualify for the "fundamental miscarriage of justice" exception to the

procedural default rule, Petitioner must show that a constitutional violation has "probably" resulted in the conviction when he was "actually innocent" of the offenses charged. See, e.g., id., 538 F.3d at 1028. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial." Id. (internal quotations omitted).

### III Conclusion

Petitioner procedurally defaulted all of his federal habeas claims in the state courts except for his claim that the trial court's denial of his motion to sever violated his federal constitutional rights. Petitioner has not established cause for, nor prejudice arising from his procedural default of these claims and, accordingly, the District Court should not consider the merits of the claims. The Arizona Court of Appeals' determination that the denial of the motion to sever did not violate Petitioner's federal constitutional rights was not clearly contrary to, nor an unreasonable application of federal law and, accordingly, Petitioner is not entitled to relief on the merits of this claim.

**IT IS THEREFORE RECOMMENDED that** Mr. Hinds' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately

appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The undersigned recommends that, should the Report and Recommendation be adopted

and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).[3]

**DATED this 19th day of February, 2010.**

_____
Mark E. Aspey
United States Magistrate Judge

---

[3] A habeas petitioner's assertion of a claim must make a substantial showing of the denial of a constitutional right." <u>Doe v. Woodford</u>, 508 F.3d 563, 567 (9th Cir. 2007) (per curiam) (quoting <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1104 (9th Cir. 1999) (internal quotation marks omitted)). To make this showing, [the petitioner] "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n. 4, 103 S. Ct. 3383, [] (1983) ...
<u>Mendez v. Knowles</u>, 556 F.3d 757, 770-71 (9th Cir.), <u>cert. denied</u>, 130 S. Ct. 509 (2009).

-23-