**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Leslie Hinds,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-09-1340-PHX-FJM<br><br>**ORDER** |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' answer (doc. 18), and petitioner's reply (doc. 20). We also have before us the Report and Recommendation of the United States Magistrate Judge (doc. 21), and petitioner's objections (doc. 22).

**I**

On January 10, 2006, a DHL employee notified police officers of a suspicious request by three individuals–petitioner and his two co-defendants–for packing boxes and air bills, possibly for the purpose of shipping illegal drugs. Following surveillance of the suspects, the officers seized the shipping boxes that the suspects had left at the DHL facility and conducted an investigatory stop of the suspects' vehicle. Ultimately, petitioner and his co-defendants were tried together and each was convicted of possession of marijuana and drug paraphernalia and sale or transportation of marijuana. Petitioner was sentenced to four years

imprisonment and three years probation. The Arizona Court of Appeals affirmed the conviction and sentence.

Petitioner then filed this petition for habeas corpus, asserting four grounds for relief: (1) the Arizona Court of Appeals improperly refused to address the Fourth Amendment claim of illegal search and seizure of the shipping boxes; (2) the traffic stop and detention were unsupported by reasonable suspicion in violation of petitioner's Fourth Amendment rights; (3) the trial court violated petitioner's Sixth Amendment right to a fair trial by failing to sever petitioner's trial; and (4) petitioner's Sixth Amendment right was violated because of prosecutorial misconduct.

## II

In his first ground for relief, petitioner contends that the Arizona Court of Appeals refused to address the Fourth Amendment claim of illegal search and seizure of the shipping boxes. Petition at 6. He claims that he sufficiently asserted a constitutional violation by citing Supreme Court precedent and stating that the claim was presented "for Fourth Amendment purposes." The issue, though, is not whether petitioner sufficiently asserted a Fourth Amendment claim—he clearly challenged the constitutionality of the traffic stop and detention. Answer, exhibit D. However, he did not present a Fourth Amendment challenge to the search and seizure of the shipping boxes. His claim was limited to the constitutionality of the traffic stop.[1] Therefore, petitioner's claim regarding the search and seizure of the shipping boxes is procedurally defaulted. See Ariz. R. Crim. P. 32.2.

Federal review of this procedurally defaulted claim is barred unless petitioner can demonstrate "cause and prejudice" or a "fundamental miscarriage of justice." O'Sullivan v.

---

[1] While the Report and Recommendation states that "the Arizona Court of Appeals did not examine [petitioner's] claim that the stop of his vehicle and his arrest was a violation of his Fourth Amendment rights," R&R at 9, the Court of Appeals did consider whether reasonable suspicion existed to support the investigatory stop and detention of petitioner. Answer, exhibit A at 7-11. Instead, the court declined to address the Fourth Amendment challenge to the seizure of the shipping boxes, concluding that petitioner had not raised the issue on appeal. Id. at 7.

Boerckel, 526 U.S. 838, 854, 119 S. Ct. 1728, 1737 (1999). To demonstrate "cause," a prisoner must show that some objective factor external to the prisoner or his counsel impeded efforts to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645 (1986). To show "prejudice," a petitioner must demonstrate that the error "had [a] substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 638, 113 S. Ct. 1710, 1722 (1993) (citation omitted). To establish a fundamental miscarriage of justice, the prisoner must establish by clear and convincing evidence that no reasonable juror could have found him guilty. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, (1995). Petitioner does not attempt to show cause and prejudice for the default or a fundamental miscarriage of justice. Therefore, his claim is procedurally barred.

Moreover, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976); Villafuerte v. Stewart, 111 F.3d 616, 627 (9th Cir. 1997). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996).

Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim regarding the search and seizure of the shipping boxes. The trial court conducted an extensive suppression hearing regarding the constitutionality of the traffic stop. Petitioner could have also presented his claims related to the seizure of the shipping boxes. Because he had a full and fair opportunity to litigate this claim, ground one is not cognizable in this habeas proceeding.

**III**

In his second ground for habeas relief, petitioner contends that his Fourth Amendment rights were violated when the police conducted the traffic stop and detained him. He argues that the only basis for the stop was the police officer's "hunch" and suspicion that petitioner

was involved in drug activity because of his Jamaican accent. Petitioner presented this claim of illegal investigatory stop both in the trial court and on direct appeal. He joined his co-defendants' motion to suppress, arguing that his Fourth Amendment rights were violated by the traffic stop and seizure. The trial court conducted an extensive suppression hearing and denied the motion. On appeal, the Arizona Court of Appeals affirmed the trial court's ruling that reasonable suspicion existed to support the investigatory stop. Answer, exhibit A at 10. Because petitioner had a full and fair opportunity to litigate his Fourth Amendment claim related to the traffic stop and detention in state court, ground two is not a cognizable claim. See Stone, 428 U.S. at 494, 96 S. Ct. at 3052; Villafuerte v. Stewart, 111 F.3d at 627.

**IV**

In ground four of the habeas petition, petitioner alleges seven instances of prosecutorial misconduct: (1) use of an inaccurate version of petitioner's unrecorded interview, (2) failure to check the marijuana for fingerprints, (3) failure to analyze the handwriting on the air bills, (4) use of police officer's "bogus identifications" at trial, (5) use of photos of untidy areas of petitioner's apartment, (6) the improper identification of petitioner as the tenant of the apartment, and (7) the improper elicitation of petitioner's prior bad act.

Petitioner failed to raise any of these instances of alleged prosecutorial misconduct on direct appeal. Therefore, the claims are unexhausted and procedurally defaulted. Moreover, petitioner has not established either cause and prejudice or a fundamental miscarriage of justice to excuse his failure to properly present these claims in state court. His contention that his default was the result of ineffective assistance of his appellate counsel, and that counsel's ineffectiveness must be imputed to the state because counsel was appointed, is unavailing. A claim of ineffective assistance of counsel "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000) (quotation and citation omitted). Petitioner did not raise an ineffective assistance of counsel claim in state court. Ground four is procedurally barred and we do not address the merits.

## V

Finally, petitioner asserts in ground three that the trial court violated his Sixth Amendment right to a fair trial by refusing to sever his trial from that of his co-defendants. Respondents agree that this claim has been properly exhausted in state court and therefore we turn to the merits of the claim.

Petitioner argues that severance was required because his co-defendants presented inconsistent defenses. He asserted at trial that his co-defendants were the sole actors and that he was merely a participant and had no knowledge or involvement in the acts. Answer, exhibit D at 13. He now contends that because he was tried with the others, he was convicted by virtue of guilt by association. Id. at 14.

There is a preference for a joint trial of defendants who are indicted together unless "mutually antagonistic" or "irreconcilable defenses" are so prejudicial as to require severance. Zafiro v. United States, 506 U.S. 534, 538, 113 S. Ct. 933, 937 (1993). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539, 113 S. Ct. at 938. To warrant habeas relief based on a failure to sever claim, a petitioner must show that the state court's "denial of his severance motion rendered the trial fundamentally unfair." Grisby v. Blodgett, 130 F.3d 365, 370 (9th Cir. 1997). A trial is rendered fundamentally unfair "if the impermissible joinder had a substantial and injurious effect or influence in determining the jury's verdict." Sandoval v. Calderon, 241 F.3d 765, 772 (9th Cir. 2000).

Here, petitioner fails to make a particularized showing of prejudice resulting from the denial of severance, or that denial of his motion to sever rendered his trial fundamentally unfair. Substantial evidence was presented implicating petitioner in the charged crimes. Petitioner's conviction was not based on the conflicts between his defense and that of his co-defendants. The Arizona Court of Appeals determined that the defenses of the co-defendants were not mutually exclusive and that a joint trial did not prejudice petitioner. Moreover, any

1  prejudice was minimized by the trial court's limiting instructions. We conclude that
2  petitioner is not entitled to habeas relief on this claim.

**VI**

Based on our *de novo* review of petitioner's claims, **IT IS ORDERED DENYING** petitioner's petition for writ of habeas corpus (doc. 1). Because petitioner has not made a substantial showing of the denial of a constitutional right, **IT IS FURTHER ORDERED DENYING** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

DATED this 6th day of April, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge